United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS MIGUEL BARROS LEGUIA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-4163 |
| | § | |
| WARDEN, HOUSTON CONTRACT DETENTION FACILITY, *et al.* | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Petitioner Luis Miguel Barros Leguia, through counsel, filed this habeas action when detained in the custody of officials with Immigration and Customs Enforcement (ICE) to challenge his mandatory detention under 8 U.S.C. § 1225. At the time he filed a petition in this court, his removal proceedings were pending before an immigration judge.

The respondents filed an advisory (Dkt. 7) on September 29, 2026, and present evidence that an immigration judge ordered the petitioner's removal on August 25, 2026, and the petitioner did not appeal, rendering his removal order final. The petitioner did not respond.

Because the petitioner is subject to a final order of removal, he is no longer detained under 8 U.S.C. § 1225, and his claims for relief are moot. The Court thus has no constitutional authority to resolve the petition. *See Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013); *Rocky v. King*, 900 F.2d 864, 866 (5th

Cir. 1990). This Court has no jurisdiction to review the final order of removal. *See* 8 U.S.C. § 1252(a)(5); *Merlan v. Holder*, 667 F.3d 538, 539 (5th Cir. 2011); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).

Therefore, the Court **ORDERS** as follows:

1. This habeas action is **DISMISSED as moot**.

2. All other pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on October 27, 2026.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE